

FILED
MAR 3 1 2008
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SCOTT A. MAYOU, | CIV 06-1019 |
| | 2008 D.S.D. 8 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| GARY GENE FERGUSON and SEROCKI EXCAVATING, INC., | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**KORNMANN, U.S. DISTRICT JUDGE**

[¶1]   Before the court is a motion by defendants to strike a report from a rebuttal expert witness, Dr. Donald J. Frisco, and to prohibit the witness from testifying at trial as to his "rebuttal opinions." The parties were unable to resolve the dispute informally and thus brought the dispute to the court. The issues have been thoroughly briefed and argued.

[¶2]   The parties met early on in the case and agreed that plaintiff would disclose his experts by February 1, 2007, and defendants would disclose their experts by May 15, 2007. Nothing was mentioned about possible rebuttal experts. The court's scheduling order also made no mention of deadlines or even the use of rebuttal experts. Dr. Frisco was one of the treating doctors for the plaintiff as to the injuries allegedly sustained in the motor vehicle accident and was disclosed early on as a fact witness. He was deposed but had limited information to offer. Defendants have submitted his deposition in violation of the court's standard operating procedures. One of these procedures provides: "13) If you are filing a motion for <u>summary judgment</u> or opposing one, do not submit entire deposition transcripts. Submit only pages and portions of documents that are relevant with the relevant material highlighted. As one circuit has said: "Judges are not like pigs, hunting for truffles buried in briefs." <u>United States v. Dunkel</u>,

927 F.2d 955, 956 (7th Cir. 1991) (quoted with approval in <u>United States v. Gurley</u>, 434 F.3d 1064 (8th Cir. 2006). This rule applies to any other motions as well."

[¶3] Plaintiff now seeks to transform Dr. Frisco into not only a fact witness but a rebuttal expert witness as well. Defendants claim that this constitutes an ambush and thus make the motion. Until the designation of Dr. Frisco as an expert witness, neither side had designated a medical doctor as an expert witness.

[¶4] Plaintiff claims he should be allowed to designate a rebuttal expert witness based on language in Fed.R.Civ.P. 26 permitting disclosure of a rebuttal expert "within 30 days after the other party's disclosure." There is no question that the disclosure was made within the 30 days allowed. A clear and concise written report from Dr. Frisco was furnished and the report meets all the requirements of Rule 26. Rule 26 expressly provides that the language quoted above only applies "[a]bsent a stipulation or a court order." Fed.R.Civ.P. 26(a)(2)(C)(ii). Defendants maintain that where the scheduling order does not provide for rebuttal experts or the time frame for disclosure, the plaintiff may not rely on Rule 26. Defendants cite a district court case from the Middle District of North Carolina. I have said previously, not altogether in jest, that a party who cites a district court opinion, especially from another jurisdiction, must be desperate. In any event, I disagree with any decision to the effect that, where the stipulation and the scheduling order are silent, such serves to prohibit any designation of a rebuttal expert being made by the plaintiff. I interpret Rule 26 to permit what has happened in this case.

[¶5] Plaintiff has agreed to again make Dr. Frisco available for a deposition. If defendants desire to retain their own physician expert to rebut the opinions of Dr. Frisco, that would and should be permitted.

[¶6] The motion of defendants should be denied.

[¶7] Now, therefore,

IT IS ORDERED, as follows:

1) The motion (Doc. 27) of defendants to strike the report of Dr. Frisco as an expert rebuttal witness and to prohibit his rebuttal testimony at trial is denied.

2) Plaintiff shall again make Dr. Frisco available for a deposition with expert witness fees to be paid by plaintiff.

     3) Defendants shall be permitted to designate an expert witness to rebut the testimony and report of Dr. Frisco and, at the expense of defendants, make any such expert available for a deposition after the written report which complies fully with Rule 26 has been prepared and furnished.

[¶8]   Dated this 29th day of March, 2008.

                                           BY THE COURT:

                                           CHARLES B. KORNMANN  
                                           United States District Judge

ATTEST:  
JOSEPH HAAS, CLERK  
BY: _____  
                  DEPUTY  
   (SEAL)